IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO.  JFM-12-0121 |
| : | |
| CRAIG BENEDICT BAXAM, : | |
| Defendant : | |

…o0o…

GOVERNMENT'S RESPONSE TO DEFENDANT'S
SECOND MOTION TO DIMISS THE INDICTMENT

The United States, by and through its undersigned counsel, respectfully requests that the Defendant's Second Motion to Dismiss the Indictment be denied and states as follows:

**BACKGROUND**

1. On March 7, 2012, the defendant was indicted for violating 18 U.S.C. § 2339B by knowingly attempting to provide material support and resources to Al-Shabaab, specifically supplying himself as personnel to work under the direction and control of a designated foreign terrorist organization, Al-Shabaab, knowing that Al- Shabaab was designated as a foreign terrorist organization under 8 U.S.C. § 1189, has engaged and engages in terrorist activity, as that term is defined in 8 U.S.C. § 1182(a)(3)(B), and has engaged and engages in terrorism, as that term is defined in 22 U.S.C. § 2656(d)(2).  The language in paragraph 7 of the indictment carefully tracks the statutory language of 18 U.S.C. § 2339B and is legally sufficient, "contain[ing] the elements of the offense charged, fairly inform[ing] the defendant of the charge

1

and enabl[ing] the defense to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Kingrea,* 573 F.3d 186, 191 (4th Cir. 2009).

    2. In its August 6, 2013 Memorandum, the Court first stated that it was "not persuaded that a 'coordination' element is required in a non-First Amendment context as argued by the defendant", but went on to ask the government to file a bill of particulars providing evidence in addition to the information contained in the December 27, 2011 and December 30, 2011 FBI 302 reports that would support the language in paragraph 4 of the indictment that the defendant "formed an intention to…..fight for Al-Shabaab."  If the government did not offer additional evidence in the form of a bill of particulars, the Court stated that it might dismiss the indictment, although recognizing at the same time that a pretrial dismissal might not be the appropriate remedy.

    3. On August 18, 2013, the Government filed a Motion for Reconsideration asserting that neither a bill of particulars nor a dismissal of the indictment was warranted since the government need only prove beyond a reasonable doubt that the defendant knowingly attempted to offer himself, for whatever motivation or reason, as personnel to Al-Shabaab, placing himself under Al-Shabaab's direction and control knowing that Al-Shabaab was a designated foreign terrorist organization.  The government also argued that even though the allegation that the defendant intended to fight for Al-Shabaab was included in the indictment as an indicia of the defendant's attempt to place himself under the direction and control of Al-Shabaab, it in no way intended to add an additional element to 18 U.S.C. § 2339B.

    4. On September 6, 2013, the Court denied the Government's Motion for Reconsideration, but stated, in part, the following:

> That said, the Government may be correct that even assuming that the evidence produced at trial would not be sufficient to support the conclusory allegation that defendant formed an intention to fight for Al-Shabaab, he nevertheless could properly be convicted of a violation of 18 U.S.C. §2339B because he knowingly supplied himself as personnel "to work under the direction and control of a designated terrorist organization, that is, Al-Shabaab, knowing that Al-Shabaab was designated as a terrorist organization." After the Government has filed a bill of particulars, that issue can be "teed up" if defendant chooses to file a motion to dismiss. In that regard, perhaps I should note that the Government's memorandum in support of its motion for reconsideration is sufficiently persuasive for me to withdraw my earlier statement that I might dismiss the indictment if the particulars supplied by the Government are insufficient to support the conclusory allegation that defendant intended to fight for Al-Shabaab.

On September 16, 2013, the government filed a bill of particulars as required by the Court's September 6 Order.

5. On October 25, 2013, the defendant filed a Second Motion to Dismiss the Indictment, alleging that 1) the indictment is deficient because it fails to state an offense and/or the statute is unconstitutionally vague and criminalizes conduct protected by the First Amendment right to political association; 2) the evidence proffered by the government does not prove that Mr. Baxam formed an intent to "work under the direction or control" of al-Shabaab; and 3) the government cannot obtain a conviction solely on uncorroborated admissions.

## I.  THE INDICTMENT CLEARLY IS LEGALLY SUFFICIENT

6. Standing alone, the indictment clearly is legally sufficient, as the government previously has argued and as the Court in its September 6 Order stated it is inclined to agree. With the addition of the information supplied in the bill of particulars, the sufficiency is even more evident. Of course, the bill of particulars need not provide all of the evidence which the government intends to offer, only that it, "fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Medical Labs., Inc.,* 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted);

*see also id.* ("A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial.") (citation omitted).

      7.  The indictment in this case not only tracks the statutory language of 18 U.S.C. § 2339B , it also specifies, at least in part, the manner in which the defendant was attempting to provide material support to Al-Shabaab, and place himself under its direction and control, as well as the numerous steps he took to do so.  The indictment gives the defendant abundant notice of the charge against him, allows him to prepare for trial and provides a sufficient basis for him to assert a double jeopardy claim if the government were to prosecute him again for the same conduct.  There will be ample evidence before the jury which will allow it to decide whether or not the evidence is sufficient to find him guilty beyond a reasonable doubt for the crime charged.

      8.  Although the defendant seeks once again to have the Court add an additional element to the crime that proof needs to be offered that he either coordinated or communicated with members of Al-Shabaab prior to his departure from the United States[1], he is in error, something mentioned by the Court itself in its August 6 Memorandum. This additional element is not part of the statute nor required under the prevailing case law.

### A.  NO VIOLATION OF THE FIRST AMENDMENT IMPLICATED

      9.  Contrary to the defendant's claims, his actions were not protected by the First Amendment.  He alleges that the indictment charged him with joining Al-Shabaab and that this activity is protected freedom of association under the First Amendment. Def. Second Mot. Dismiss 5, 8.  To the contrary, the indictment charges him with giving material support to Al-Shabaab by supplying himself to work under its direction and control.  His claim is precluded by the Supreme Court's decision in *Holder v. Humanitarian Law Project,* 130 S. Ct. 2705 (2010)

---

[1] See Pages 3 and 11 of the Defense's Second Motion to Dismiss the Indictment .

("HLP"). In that case, the Court rejected plaintiffs' claim that the material support statute "criminalizes the mere fact of their associating with" designated foreign terrorist organizations and thus violated their First Amendment freedom of association. "[T]he statute does not penalize mere association with a foreign terrorist organization….The statute does not prohibit being a member of one of the designated groups or vigorously promoting and supporting the political goals of the group….What [§ 2339B] prohibits is the act of giving material support." *Id.* at 2730 (internal quotation marks omitted). *See also United States v. Chandia,* 514 F.3d 365, 371 (4th Cir. 2008); *United States v. Hammoud, 381 F.3d 316, 329 (*4th Cir. 2004*), cert. granted,* judgment vacated, 125 S.Ct. 1051 (2005), and vacated and remanded on other grounds, 405 F.3d 1034; *People's Mojahedin Organization of Iran v. Department of State, 327 F.3d 1238, 1244-45 (D.C. Cir. 2003); Humanitarian Law Project v. Reno (HLP I), 205 F.3d 1130, 1211-13 (9*th *Cir. 2000), cert. denied,* 532 U.S. 904 (2001); *United States v. Marzook, 383 F. Supp. 2d 1056, 1068 (N.D. Ill. 2005); United States v. Sattar, 272 F. Supp. 2d, 348, 368 (S.D.N.Y. 2003);* and *United States v. Lindh,* 212 F. Supp. 2d 541, 569-70 (E.D. Va. 2002). The indictment alleges that the defendant was going to provide material support to Al-Shabaab and this is not First Amendment protected activity.

10. The defendant's further attempt to mount a First Amendment attack based upon an alleged vagueness of the statute as applied in this case is fatally flawed when viewed in light of the actual facts alleged in the indictment and as amplified in the bill of particulars. There is no allegation - or evidence whatsoever - that the conduct alleged has either been arbitrarily or discriminatorily applied. Although he alleges that attempting to "fight for al-Shabaab" is vague, Def. Second Mot. Dismiss 11, there is nothing vague about fighting for Al-Shabaab. The Supreme Court in *HLP* rejected a vagueness challenge to the material support statute, noting in

particular the definition of personnel. *See HLP*, 130 S. Ct. at 2720. The precedents cited by the defendant are factually inapposite.

## II. THERE IS AMPLE EVIDENCE OF DIRECTION AND CONTROL

11. The defendant's argument that no evidence of direction and control has been validly alleged is misguided. Initially, we note that his premise is mistaken: this is not the stage for testing the sufficiency of the government's evidence. *See, e.g., United States v. Wills,* 346 F.3d 476, 488 (4th Cir. 2003) ('courts lack authority to review the sufficiency of evidence supporting an indictment:). That he wishes to view the evidence that he provided during his two interviews by the FBI, and by his conduct prior to leaving the United States to attempt to join Al-Shabaab, and conclude that it is not sufficient for a jury to convict him of the crime charged is his right, a right that he will be able to fully exercise at his trial. Of course, it is equally true that the government has a right to present its evidence and to make its case to the jury. Simply stated, the defendant has no valid basis to ask this Court, at this stage, to make the extraordinary finding that the government is precluded from presenting its evidence.

12. The government has already made reference to two specific areas that clearly show that the defendant not only was attempting to join Al-Shabaab, but that he was very willing to place himself under its direction and control, (1) his numerous statements to the interviewing FBI agents and (2) his internet search just days before he left the United States that further educated him, if any further education was needed, about Al-Shabaab. That he believes that he has innocent explanations for this evidence is his right and he may exercise that right at his trial as he sees fit. The government contends, however, that many of his statements, which were in response to questions seeking to learn of his intentions in attempting to join Al-Shabaab and not seeking speculation as he repeatedly asserts, clearly display his knowledge that Al-Shabaab was

an insurgency inside of Somalia and that it was an active fighting force. The evidentiary impact of these statements is enhanced by the many articles he viewed just days before leaving the United States that fully described what Al-Shabaab was. If one joins a fighting force, one must reasonably be aware of the fact that some element of command and control is going to be present, especially if someone has spent years in the United States Army. Additionally, someone who has researched Al-Shabaab would know that this organization's practice of Sharia Law required strict adherence to the organization's dictates, i.e., that someone joining Al-Shabaab would have to submit to its will. As to this point, it is worth noting that the defendant admitted as much during his December 27 interview. At page 9 of the FBI 302 report, it states, "When asked if Baxam was aware that al Shabaab beats people seen on the street during prayer time, Baxam responded, 'that is awesome'....al Shabaab is right for enforcing Sharia Law." The defendant's answer wasn't one of surprise at learning of this. It was an answer provided by someone who was fully aware of the demanding structure of Al-Shabaab and was inspired by it. The defendant knew that were he to be successful in getting to Southern Somalia and in joining Al-Shabaab, he would gladly be under its direction and control.

### III. DEFENDANT'S STATEMENTS ARE CLEARLY ADMISSIBLE

13. The Defendant's statements as documented in the December 27, 2011 and December 30, 2011 FBI 302 reports are admissible at trial. In his Second Motion to Dismiss the Indictment, the defendant now claims that his statements are inadmissible based on the little used, and some claim outdated, "Corroboration Rule", which states that no one may be convicted of a crime based solely on an uncorroborated confession. *Opper v. United States*, 348 U.S. 84, 89, 93 (1954); *see also Smith v. United States*, 348 U.S. 147, 156 (1954); *United States v. Calderon*, 348 U.S. 160, 165 (1954). Wary that "[the] weakness of the accused under the strain

7

of suspicion" may cause the accused to give a false, even if voluntary, confession, *Opper*, 348 U.S. at 90, the Supreme Court embraced a variation on the rule to prevent "errors in convictions based upon untrue confessions alone," *Smith,* 348 U.S. at 153. Unlike the *corpus delicti* rule, the government need not introduce evidence independent of the accused's confession to establish that the crime occurred. *Opper*, 348 U.S. at 93. The government instead generally may satisfy the rule if it introduces "substantial independent evidence which would tend to establish the trustworthiness of the statement," *id.,* an approach that has the virtue of ensuring that these trustworthiness considerations extend to all confessions, including those in which no one doubts a crime occurred, only who committed it.

14.  There is more than sufficient "trustworthiness" surrounding the defendant's statements to satisfy the minimal requirements of the corroboration rule and, further, there is nothing presented that tends to negate such a finding.  For instance, among other things, the defendant stated that he had destroyed his computer prior to leaving the United States, that he had cashed out his Thrift Savings Plan account and thereafter had purchased a round-trip ticket to Nairobi, Kenya.  All of these statements were verified by the FBI during its investigation.  Additionally, the defendant's travel once inside Kenya was the path one would take if he were attempting to reach Al-Shabaab-controlled territory.  As such, the evidence in this case more than satisfies the corroboration rule.  The defendant's statements, therefore, are admissible at trial.

WHEREFORE the United States respectfully requests this Court deny the defendant's Second Motion to Dismiss the Indictment.

                                      Respectfully submitted,

                                      Rod J. Rosenstein
                                      United States Attorney

By:       /s/
     Harvey E. Eisenberg
     Assistant U.S. Attorney
     Chief, National Security Section
     District of Maryland
     (410) 209-4843

     Robert J. Sander
     U.S. Department of Justice
     National Security Division
     Counterterrorism Section
     950 Pennsylvania Avenue, NW
     Washington, DC 20530
     (202) 307-1102

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion For Reconsideration was electronically filed using the District of Maryland CM/ECF system.

                                      /s/
                                  Harvey E. Eisenberg
                                  Assistant U.S. Attorney