

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 13 P 12: 15

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Harvey Ellis Eisenberg
Assistant United States Attorney
Chief, National Security Section
Coordinator, Anti-Terrorism Advisory Council
Harvey.Eisenberg@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4843
MAIN: 410-209-4800
FAX: 410-962-9293

December 30, 2013

Linda Moreno, Esquire
P.O. Box 10985
Tampa, Florida 33679

Re: United States v. Craig Benedict Baxam
Criminal No. JFM-12-0121

Dear Ms. Moreno:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to your client by the United States Attorney's Office for the District of Maryland ("this Office"). If your client accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **January 6, 2014**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. Your client agrees to waive indictment and to plead guilty pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(1)(C) to an Information which will be filed by this office charging him with the destruction of records in contemplation of a terrorism investigation by the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1519. Your client admits that he is, in fact, guilty of this offense and will so advise the Court.

Gov't Exhibit No. ___1___
Case No. __JFM-12-0121__
Identification: _____
Admitted: _____

### Elements of the Offense

2.  The elements of the offense to which your client has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That in or about December 2011, in the District of Maryland,

    a.  Your client knowingly destroyed his personal computer just prior to his leaving the United States bound for al-Shabaab-controlled territory in Southern Somalia via Kenya;

    b.  Your client did so with the intent to impede, obstruct or influence the likely investigation by the Federal Bureau of Investigation into his departure from the United States and in contemplation thereof; and

    c.  The contemplated investigation was within the jurisdiction of the Federal Bureau of Investigation, United States Department of Justice, which is an agency of the United States.

### Penalties

3.  The maximum sentence provided by statute for the offenses to which your client is pleading guilty is as follows: twenty years imprisonment, a $250,000 fine, and a maximum term of supervised release of five years. In addition, your client must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. Your client understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and he could be returned to custody to serve another period of incarceration and a new term of supervised release. Your client understands that the Bureau of Prisons has sole discretion in designating the institution at which the he will serve any term of imprisonment imposed.

### Waiver of Rights

4.  Your client understands that by entering into this agreement he surrenders certain rights as outlined below:

    a.  If your client had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

     b. If your client elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and your client would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before your client could be found guilty. The jury would be instructed that your client was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

     c. If your client went to trial, the government would have the burden of proving him guilty beyond a reasonable doubt. He would have the right to confront and cross-examine the government's witnesses. He would not have to present any defense witnesses or evidence whatsoever. If your client wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

     d. Your client would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

     e. If your client were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence and other legal issues to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, your client knowingly gives up the right to appeal the verdict and the Court's decisions.

     f. By pleading guilty, your client will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, your client understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements he makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

     g. If the Court accepts your client's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

     h. By pleading guilty, your client will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. Your client recognizes that, although it is believed by the parties that he was born in the United States and is therefore a citizen of the United States, if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and your client understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Your client nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5. Your client understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. He further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and your client understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. Pursuant to U.S.S.G. §§ 2J1.2(c)(1) and 2X3.1(a)(3)(C), the parties stipulate and agree that the base offense level is **Level 30** since the conduct of your client involved his obstruction of a contemplated investigation of an offense involving a federal crime of terrorism as defined in 18 U.S.C. Section 2332b(g)(5). The parties further stipulate and agree that your client is a Criminal History Category I and that he is entitled to a 2 level decrease pursuant to U.S.S.G 3E1.1 for his acceptance of responsibility in agreeing to admit his guilt for the offense with which he is to be charged, resulting in an adjusted offense level of **Level 28** and an advisory guideline range of **78 to 97 months**. As a result of the above stipulations, the parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **84 months incarceration and five years of supervised release** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should your client so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

   b. On December 23, 2011, your client was arrested in Kenya by members of the Kenyan Anti-Terrorism Police Unit, as he was making his way north to al-Shabaab-controlled territory in southern Somalia, once there to join al-Shabaab, a foreign terrorist organization as designated by the United States Secretary of State. On December 27 and December 30, 2011, your client was interviewed by two Special Agents of the Federal Bureau of Investigation while still in the custody of the Kenyan authorities. After assuring themselves that your client had not been mistreated in any way by the Kenyan authorities while in their custody and also fully advising him of his constitutional rights on both occasions, the agents conducted the interviews. Among the statements which your client voluntarily provided, he told the agents that due to his prior service in the United States Army and specifically his training and experience in military intelligence, he knew of the capabilities of the United States government in tracing internet protocol addresses and of other investigative techniques available to authorities. Consequently, before leaving the United States your client told the agents that he destroyed his personal computer, which was located at his residence in Laurel, Maryland, and threw the remains in a dumpster. He said that he did this because he didn't want any record left behind and in order also to maintain a low profile prior to, and after, leaving the United States. Your client also told the agents that he purchased a round trip plane ticket to Kenya rather than

a one way ticket even though he had no intention of returning to the United States in order not to arouse the suspicion of authorities, specifically the Federal Bureau of Investigation and the U.S. military. As displayed by these knowing and intentional acts, your client clearly contemplated an investigation by agencies of the United States government, including the Federal Bureau of Investigation, as a result of his attempt to join a foreign terrorist organization, i.e., al-Shabaab.

7. This Office and your client agree that with respect the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

8. At the time of sentencing, this Office will recommend a sentence of **84 months incarceration and five years supervised release** and will move to dismiss the indictment filed in this matter.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning your client's background, character and conduct, including the conduct that is the subject of the indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

10. In exchange for the concessions made by this Office and your client in this plea agreement, this Office and your client waive their rights to appeal as follows:

a. Your client knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal his conviction;

b. Your client and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) your client reserves the right to appeal any term of imprisonment to the extent that it **exceeds 84 months incarceration**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is **below 84 months incarceration**.

c. Nothing in this agreement shall be construed to prevent your client or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. Your client waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter

(relating to both the charges filed in the indictment and the information in this matter) and agrees not to file any request for documents from this Office or any investigating agency.

### Restitution

11. Your client agrees to the entry of a Restitution Order for the full amount of the victims' losses, should it be determined that any losses exist. Your client agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. Your client further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. Your client further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If your client does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Obstruction or Other Violations of Law

12. Your client agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that your client (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to him as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of your client's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. Your client acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

13. Your client expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), your client will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, your client understands that the disposition of the case may be less favorable than that contemplated by this agreement. Your client understands that neither this Office, you, nor the Court can make a binding prediction or promise that the Court will accept this agreement. Your client agrees that no one has made such a binding prediction or promise.

### Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and your client and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. Your client acknowledges that there are no other agreements, promises, undertakings or understandings between him and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If your client fully accepts each and every term and condition of this agreement, please sign and have him sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *[signature]*
Harvey E. Eisenberg
Assistant U.S. Attorney
Chief, National Security Section

*[signature]* Robert J. Sander /AUSA
Robert J. Sander
Trial Attorney
U.S. Department of Justice
National Security Division
Counterterrorism Section

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4 JAN 14
Date

*[signature]*
Craig Benedict Baxam

I am Mr. Baxam's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1/4/14
Date

Linda Moreno