IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA

    VS.                         CRIMINAL NO. CCB-12-0121

CRAIG BENEDICT BAXAM

               DEFENDANT

                              Baltimore, Maryland

                              January 13, 2014




    The above-entitled case came on for a guilty plea

and sentencing before the Honorable J. Frederick Motz,

United States District Judge




A P P E A R A N C E S


For the Government:

    Harvey E. Eisenberg, Esquire
    Robert J. Sander, Esquire


For the Defendant:

    Linda Moreno, Esquire



Gail A. Simpkins, RPR
Official Court Reporter

1                    P R O C E E D I N G S

2          THE COURT:  Do you want to call the case?

3          MR. EISENBERG:  Yes, sir.  May it please the

4    Court, this is United States of America versus Craig

5    Benedict Baxam, Criminal Number JFM-12-0121.  We are

6    here for an initial appearance and arraignment on an

7    information filed by the United States Attorney on

8    January the 6th of this year, and thereafter, a plea

9    agreement has been reached.

10         MS. MORENO:  That is correct, Your Honor.

11         THE COURT:  Thank you.

12         Ms. Moreno, you represent Mr. Baxam?

13         MS. MORENO:  I do.

14         THE COURT:  Belinda.

15         THE CLERK:  Mr. Baxam, will you raise your right

16   hand?

17         (The defendant was duly sworn.)

18         THE CLERK:  You can put your hand down.  Will

19   you state your name for the record?

20         THE DEFENDANT:  Craig Benedict Baxam.

21         THE CLERK:  And how are you, sir?

22         THE DEFENDANT:  26.

23         THE CLERK:  26.  What year were your born?

24         THE DEFENDANT:  ████████, 1987.

25         THE CLERK:  1987.

1          THE DEFENDANT:  Correct.

2          THE CLERK:  Mr. Baxam, have you received a copy

3     of the information from the United States Attorney's

4     Office?

5          THE DEFENDANT:  Yes.

6          THE CLERK:  Have you read that information, or

7     has it been read to you?

8          THE DEFENDANT:  Yes, ma'am.

9          THE CLERK:  And you understand the charge in the

10    one count information?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Ms. Moreno, you have been retained

13    to represent Mr. Baxam?

14         MS. MORENO:  Yes.

15         THE CLERK:  Are you satisfied that he

16    understands the charge in the one count information?

17         MS. MORENO:  Yes, I do.

18         THE CLERK:  Mr. Baxam, having read the

19    information and understanding the charge, how do you

20    wish to plead, sir?

21         THE DEFENDANT:  Guilty.

22         THE CLERK:  Thank you, sir.

23         THE COURT:  You may be seated, Mr. Baxam, and

24    Ms. Moreno, you may as well.

25         Now before I accept your guilty plea I need to

1    be satisfied of some things, so I am going to ask you

2    some questions.  If you do not understand any of my

3    questions, please let me know.  All right?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Do you understand that you are under

6    oath, so that if you knowingly were to give a false

7    answer to any question, you could be prosecuted for

8    perjury?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  In the last 24 hours, have you taken

11   any drugs or have you consumed any alcohol?

12           THE DEFENDANT:  No, sir.

13           THE COURT:  How far have you gone in school?

14           THE DEFENDANT:  High school, sir.

15           THE CLERK:  And are you satisfied with the

16   services that Ms. Moreno has given to you as your

17   lawyer?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  Now you are being charged today by

20   what is called an information, which is a charge

21   signed by an Assistant United States Attorney under

22   the name of the United States Attorney.

23           Do you understand that you have a right to be

24   charged instead by what is called an indictment, which

25   is a charge returned by a group of citizens known as a

1    grand jury, who would have to find that there was

2    probable cause to believe that you had committed the

3    offense that you are charge with?  Do you understand

4    that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you want to waive your right to

7    be charged by an indictment and be charged by an

8    information instead?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did you sign a waiver of indictment

11    form to that effect?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  I will, for the record, sign that as

14    well.

15          Now you are charged in the information with what

16    is characterized as destruction of records in

17    contemplation of a federal investigation.

18          Do you understand that in order for you to be

19    convicted of that offense, the government would have

20    to prove that on or about December of 2012, in the

21    State and District of Maryland, you knowingly and

22    willfully and voluntarily destroyed records,

23    specifically records contained on your personal

24    computer, with the intent to obstruct, influence and

25    impede a terrorism investigation being conducted by

1    the FBI, by the Federal Bureau of Investigation, and

2    that you contemplated the investigation would be

3    conducted upon your departure from the United States

4    for Southern Somalia via Kenya, in order to live in

5    this area, since it was controlled by al-Shabaab, a

6    foreign terrorist organization, as duly designated by

7    the U.S. Secretary of State, and to join that

8    organization?

9         Do you understand that's what the government

10   would have to prove?

11        THE DEFENDANT:  Yes, sir.

12        THE COURT:  Do you understand that the

13   maximum -- yes.

14        MR. EISENBERG:  Your Honor, my apologies.  You

15   are reading from the information, and you are

16   absolutely correct.  I just noticed that it does read

17   December 2012.  In point of fact, it's 2011.

18        THE COURT:  Thank you.  I should have picked

19   that up myself.

20        MR. EISENBERG:  You're welcome.

21        THE COURT:  I'm going to change that.  Is that

22   okay, Mr. Baxam?  Do you understand that this actually

23   occurred in December of 2011 not 2012?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  Now with the end of the year, that

1    is certainly an understandable mistake.

2         Now do you understand that the maximum penalty

3    to which you are subject under the applicable statute

4    is 20 years imprisonment, a $250,000 fine, what is

5    called supervised release of up to five years, plus

6    you have to pay a $100 special assessment?  Do you

7    understand that?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  Now the plea letter mentions

10   restitution.  I assume that's not an issue in this

11   case?

12        MR. EISENBERG:  That's correct, Your Honor.

13        THE COURT:  So although the statute provides for

14   restitution, that's not being sought.

15        Do you understand that's what the maximum

16   penalties are?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  Do you understand that the hundred

19   dollars that I mentioned is also a minimum?  You have

20   to pay that.  Do you understand that?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Do you also understand that here in

23   federal court there are applicable what are known as

24   Sentencing Guidelines?  Do you understand that?

25        THE DEFENDANT:  Yes, sir.

1           THE COURT:  Do you understand that the guideline

2    that applies in a particular case depends upon a whole

3    variety of factors?  I can't go through them all with

4    you, but they are such things as the nature of the

5    offense, and whatever criminal record you might have?

6    Do you understand that?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Do you understand that although the

9    law is clear judges do not have to follow the

10   guidelines, the law is equally clear that judges

11   should take the guidelines into account, and I would

12   say take them into account seriously in determining

13   what sentence to impose?  Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Frankly, I forget.  I don't remember

16   whether I asked you about this or not.

17          In terms of the period of supervised release

18   that I mentioned before, do you understand that that

19   is a period of years to follow whatever prison

20   sentence is imposed upon you?

21          And while you are on supervised release, you

22   have to behave yourself, and if you don't, you could

23   be put back in prison for the full term of your

24   supervised release, without being given credit for the

25   time that you were out.  Do you understand that?

9

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Now in the plea letter, which I'm

3  going to review with you in some detail in a moment,

4  there is a paragraph 10 entitled waiver of appeals

5  right.  Do you understand that if it were not for that

6  waiver, if you or the government disagreed in any way

7  with the sentence that I imposed, that either of you

8  could appeal my sentence?  Do you understand that?

9      THE DEFENDANT:  Yes, sir.

10      THE COURT:  Now, let me now go over with you the

11  rights that you are giving up by pleading guilty.  I

12  know Ms. Moreno has done so as well.

13      Do you understand that you have a right to

14  continue to plead not guilty?  You certainly did not

15  have to plead guilty.  Do you understand that?

16      THE DEFENDANT:  Yes, sir.

17      THE COURT:  Do you understand that you have the

18  right to a trial by jury?

19      THE DEFENDANT:  Yes, sir.

20      THE COURT:  Do you understand that if you wanted

21  to waive your right to a trial by jury, and the

22  government was willing to waive its right to a trial

23  by jury, instead, you could be tried by a United

24  States District Judge?

25      THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that in any trial

2     you would have the right to be represented by a

3     lawyer?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that if you could

6     not afford to pay for a lawyer, one would be appointed

7     to represent you at the government's expense?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that you would be

10    presumed to be innocent, and the burden would be on

11    the government to prove your guilt as to every element

12    beyond a reasonable doubt?  Do you understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand that you would

15    have the right to cross-examine, that is, to ask

16    questions of everyone who testified against you?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you understand also that you

19    would have the right to compel people to come in and

20    testify on your behalf by having what are called

21    subpoenas issued to them?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Do you understand that if you wanted

24    to, you could take the witness stand and testify in

25    your own defense?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that if on the

3     other hand, you did not want to testify, for whatever

4     reason, nobody could draw what the law calls to be an

5     adverse inference from that fact?  As I am sure you

6     know what that means in plain English, nobody could

7     think anything bad about you or anything bad about

8     your case, or specifically that you were guilty

9     because you decided not to testify.  Do you understand

10    that?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And do you understand that if you

13    were tried by a jury, in order for you to be

14    convicted, all of the jurors would have to agree that

15    you were guilty, their verdict would have to be

16    unanimous?  Do you understand that?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you understand that by pleading

19    guilty, you are giving up each and every one of the

20    rights that I just described to you?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Do you also understand that you are

23    giving up any rights that you have to move to

24    challenge in any way any alleged irregularity or

25    illegality in the investigation or prosecution?  That

1    would include moving to suppress statements that you

2    made to agents of the Federal Bureau of investigation,

3    or anything of that nature?  Do you understand that?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Do you also understand that -- of

6    course, you are pleading guilty to the information, so

7    it's going to preempt the indictment.

8         You are also giving up any rights that you have

9    to move to pursue any of the issues raised by your

10   motion to dismiss the original indictment.  Do you

11   understand that?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Now to turn to another subject, let

14   me ask you, or let me state that I have in front of me

15   a letter to Ms. Moreno from Mr. Eisenberg and Mr.

16   Sander.  Did you read and sign the plea letter?  Did

17   you read and sign the plea letter?

18        MS. MORENO:  Read and sign?  I'm sorry, Your

19   Honor.

20        THE COURT:  Did you read and sign the plea

21   letter?  I'm sorry.

22        MS. MORENO:  Yes.

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  Thank you.  Of course, I have it

25   here.  You have the original.  I am sure Ms. Moreno

1    checked with you.

2          It says above your signature, "I have read this

3    agreement, including the Sealed Supplement, and

4    carefully reviewed every part of it with my attorney.

5    I understand it, and I voluntarily agree to it.

6    Specifically, I have reviewed the Factual and Advisory

7    Guidelines Stipulation with my attorney, and I do not

8    wish to change any part of it.  I am completely

9    satisfied with the representation of my attorney."

10          Is that all true?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Let me go over what I understand the

13    primary terms of the plea agreement to be.

14          Number one, you agree to plead guilty to the

15    offense you are pleading guilty to today.

16          Now I'm going to ask you some questions about

17    the guidelines and about my role, but the most

18    important thing, not to turn what I say into nonsense,

19    let me go to the bottom line and say that you and the

20    government agree upon what the appropriate sentence in

21    this case is, which is 84 months incarceration.

22          It probably is in there somewhere, but I don't

23    see it.  Do you understand that if I do not impose

24    that recommended sentence, the agreed-upon sentence,

25    then either you or the government could withdraw from

1    the plea agreement?  Do you understand that?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Now against that background, that

4    you and the government have agreed upon the sentence,

5    let me ask you some questions.

6         You and the government have agreed upon the

7    facts which are governing your guilty plea and your

8    sentencing.  Now, do you understand that I am not

9    bound by your agreement with the company?  In

10   determining whether to accept the guilty plea, and in

11   sentencing you, I have to find the facts independently

12   and to use my own discretion.  Do you understand that?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  The facts sort of turn into numbers

15   under the guidelines, and let me go over those with

16   you.

17        It's a level 28.  Excuse me.  The base offense

18   level is 30.  The government agrees that you are

19   entitled to a two-level decrease, bringing it to a

20   level 28.  The guideline range is 78 to 97 months, and

21   your agreed sentence of incarceration is 84 months.

22   There is also five years of supervised release as part

23   of the agreement, which is within the guidelines.  Do

24   you understand that?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  Now I mentioned before the waiver of

2     appeal provision.  You agree to waive your rights to

3     appeal from your conviction, and you and the

4     government do agree to waive your right to appeal

5     provided I impose the agreed-upon sentence.

6          There is then a provision related to

7     restitution, but that is really not an issue in this

8     case.

9          Counsel, if you all would approach the bench.

10    Belinda, if you would give --

11         We are now going to the Sealed Supplement, which

12    is part of the plea agreement.

13         THE CLERK:  He has it.

14         (Counsel approached for a sealed bench

15    conference.)

16         (Counsel returned to the trial tables.)

17         THE COURT:  We will now go back on the unsealed

18    portion of the record.

19         Counsel, let me ask you if what I stated the

20    plea agreement to be what you understand it to be?

21         MR. EISENBERG:  Yes, Your Honor, it is.

22         MS. MORENO:  Yes, Your Honor.

23         THE COURT:  Mr. Baxam, most importantly, is what

24    I stated the plea agreement to be what you understand

25    it to be?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Has anybody promised you anything

3     else to get you to enter the plea?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Mr. Eisenberg, what would the

6     government prove if the case went to trial?

7          MR. EISENBERG:  Your Honor, the statement of

8     facts which is agreed to by counsel and the defendant,

9     Mr. Baxam is contained in paragraph 6(b) of this plea

10    agreement dated today.  I can read it all or simply

11    summarize, if you would prefer.

12         THE COURT:  Actually, you don't have to read it

13    at all.

14         MR. EISENBERG:  Thank you, Your Honor.

15         THE COURT:  Mr. Baxam, did you go over that

16    statement of facts carefully with your lawyer?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Did you do the things set forth in

19    the statement of facts?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Let me review it to myself briefly.

22    This will be a public record.

23         MR. EISENBERG:  Yes, sir.

24         (Pause.)

25         THE COURT:  Well, I find that there's a factual

1    basis for entry of the plea.  The facts, as stated in

2    the plea agreement, would certainly establish your

3    guilt beyond a reasonable doubt of the offense you are

4    pleading guilty to, and you just honestly admitted to

5    me doing the things that would make you guilty.

6         I find that you are entirely competent to enter

7    the plea, that you understand the rights that you are

8    giving up by pleading guilty, and that you are giving

9    them up freely and voluntarily, and that you are

10   freely and voluntarily entering the guilty plea, fully

11   understanding the terms of the plea agreement.

12        Counsel, before I decide whether or not to

13   accept the plea, do either of you know of anything

14   else I should take up with Mr. Baxam?

15        MR. EISENBERG:  Nothing from the government,

16   Your Honor.

17        MS. MORENO:  Nothing from the defense, Your

18   Honor.

19        THE COURT:  Mr. Baxam, do you have any questions

20   at all?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  I will accept the plea of guilty.

23        Now, you all can be seated.

24        I don't know whether you have had discussions,

25   whether it's contemplated we have a presentence report

1    or whether you are contemplating going right to

2    sentencing today?

3        MR. EISENBERG:  Counsel and I have agreed, if

4    Your Honor agrees, that we would submit to the Court

5    for sentencing today.

6        THE COURT:  I think that's a good idea under the

7    circumstances.

8        MS. MORENO:  That's correct, Your Honor.

9        THE COURT:  I find that I can exercise my

10   sentencing discretion immediately, or whatever it is

11   the rule requires me to say, I hereby say it.

12       It seems to me that the agreement is reasonable,

13   and I am prepared to accept it.

14       Counsel, do you want to say anything before I

15   ask Mr. Baxam whether he wants to say anything?  It's

16   up to you all.  I am prepared to follow the plea

17   agreement.

18       MS. MORENO:  Your Honor, I would just introduce

19   in the audience Ms. Deanna Baxam, who is Craig's

20   mother.  She is here in support, and has been in

21   support of her son this entire time.

22       Of course, this has been a very difficult

23   decision.  As the Court knows, we had fought mightily

24   in our motions.  We believe this particular charge

25   reflects a consensus of what happened, and we are

1    pleased that the indictment is going to be dismissed.

2    I would submit.

3         THE COURT:  Mr. Baxam, before I impose sentence

4    upon you, I would be glad to hear anything you have to

5    say.  You don't have to say anything at all.  If there

6    is anything you want to say, it's entirely up to you.

7         THE DEFENDANT:  No, sir.

8         THE COURT:  Well, I will, in accordance with the

9    agreed-upon plea, which I find to be entirely

10   reasonable under the circumstances, sentence you to

11   the custody of the Attorney General for a period of 84

12   months.  I will place you on supervised release for a

13   period of five years, subject to the general

14   conditions.

15        There is no need for any special conditions, are

16   there?

17        MR. EISENBERG:  Not that I'm aware of, Your

18   Honor.

19        MS. MORENO:  No.

20        THE COURT:  I will impose the hundred dollar

21   special assessment required by law.  I won't impose

22   any fine because under the circumstances, there is no

23   need for a fine.

24        Anything else?

25        MR. EISENBERG:  I think at this point in time,

1    Your Honor, the United States moves to dismiss the

2    indictment against Mr. Baxam under the same criminal

3    case number.

4         THE COURT:  That motion is granted.

5         MS. MORENO:  We would also request a

6    designation, Your Honor, that the Court recommend

7    Schuylkill.  That would be our request.

8         THE COURT:  I will so recommend.

9         MS. MORENO:  Thank you.

10        THE COURT:  There is no forfeiture issue in this

11   case.  Of course, subject to the provision of the plea

12   agreement, everybody has a right to appeal.

13        Mr. Baxam, I know you are a man of strong

14   beliefs.  It's not fair for me to ask you if you have

15   been fairly treated, but I hope you have been.  I

16   think you have been.  This is a reasonable agreement.

17        I thank both sides for the way they have handled

18   this case.

19        MR. EISENBERG:  Thank you, Your Honor.

20        MS. MORENO:  Thank you, Your Honor.

21        (The proceedings concluded.)

22

23

24

25

1                    REPORTER'S CERTIFICATE

2         I hereby certify that the foregoing transcript in

3    the matter of United States of America vs. Craig

4    Benedict Baxam, Defendant, Criminal Action No.

5    JFM-12-0121, before the Honorable J. Frederick Motz,

6    United States District Judge, on January 13, 2014 is

7    true and accurate.

8

9                   _____

10                  Gail A. Simpkins

11                  Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25