IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRAIG BENEDICT BAXAM

v.

: Civil Action No. DKC 17-3413
Criminal No. DKC 12-0121

UNITED STATES OF AMERICA

:

MEMORANDUM OPINION

Presently pending and ready for resolution is the motion to vacate sentence filed by Petitioner Craig Baxam ("Petitioner") (ECF No. 94).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

## I.  Background

On June 13, 2014, Petitioner waived indictment and pled guilty, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) plea agreement (a "C-Plea"), to one count of destruction of records in contemplation of a federal investigation.  (ECF No. 62).  On January 14, 2014, Petitioner was sentenced to 84 months' imprisonment, the punishment stipulated to in the C-Plea.  (ECF Nos. 62, at 4, and 64).  Petitioner's second amended judgment was docketed on March 19, 2014.[1]  (ECF No. 70).  Petitioner did not file a direct

---

[1] Petitioner's judgment was amended to reflect credit from January 9, 2012 instead of January 6, 2012.

appeal.    Accordingly, Petitioner's conviction became final on April 2, 2014, at the latest, when his time to appeal expired.[2]

On October 25, 2017, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.[3] (ECF No. 94).  The government was directed to respond and did so on January 17, 2018, arguing that some of Petitioner's claims should be dismissed as time-barred.  (ECF No. 98 at 3, 6-8, 10).  Petitioner was granted twenty-eight days to show timeliness or entitlement to equitable tolling and was also advised that he could file a reply to the government's other arguments.  (ECF No. 99).  Although the court granted Petitioner's request for additional time to respond

---

[2] *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001), held that a conviction became final for § 2255 purposes on the date judgment was entered.  However, after the Supreme Court decided *Clay v. United States*, 537 U.S. 522, 527 (2003), holding that finality attaches when the time for filing a certiorari petition expires, the *Sanders* holding has been called into question.  Most courts now assume that, when no appeal is taken, a judgment becomes final when the time for filing such an appeal expires, which is 14 days later.  *See Brown v. United States*, ELH-16-4075, 2017 WL 4946990, at *2 (D.Md. Nov. 1, 2017) (discussing this approach and citing more recent authority).  The 14-day difference does not impact the timeliness determination in the instant case.

[3] Petitioner asserts that this is the date he placed his motion in the prison mailing system.  (ECF No. 94 at 14).  Because Petitioner was incarcerated at the time, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

(ECF No. 105), Petitioner has not filed any such response, and the time for doing so has expired.

During the pendency of this motion, Mr. Baxam was released from prison to a five-year term of supervised release.  This does not moot the matter as "custody" is determined when the petition is filed, *United States v. Swaby*, 855 F.3d 233, 238-39 (4th Cir. 2017) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)), and, moreover, "a prisoner on supervised release is considered to be 'in custody' for the purposes of a § 2255 motion."  *Id.* (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

## II.  Motion to Vacate Sentence

### A.  Standard of Review

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978).  But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  § 2255(b).

3

**B.    Timeliness**

The government argues that many of Petitioner's claims should be dismissed as time-barred. (ECF No. 98, at 3, 6-8, 10). Pursuant to 28 U.S.C. § 2255(f), a federal prisoner must file a motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**C.    Ineffective Assistance of Counsel**

**1.    Legal Standard**

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts

4

must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). A determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from it. *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). Moreover, Petitioner "must convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court of the United States explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the

first place." *Premo v. Moore*, 562 U.S. 115, 132 (2011).  Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

### 2.   Analysis

#### a.   Suspension of Pension Benefits

Petitioner first argues that counsel was ineffective by failing to disclose that Petitioner's guilty plea would suspend his pension payments.  (ECF No. 94, at 4).  It appears that Petitioner seeks to overcome the statutory time-bar in § 2225(f) by stating that he discovered such information on November 23, 2016, when he received a letter from BAE Systems Employees' Retirement Plan stating that "due to [Petitioner] pleading guilty to destroying records in contemplation of a terrorism investigation by the Federal Bureau of Investigation[,]" it must suspend Petitioner's benefit payments until it concluded that it could do so without violating federal law.  (ECF Nos. 94, at 4 and 94-1).  The government concedes that Petitioner's claim is timely pursuant to § 2255(f)(4).  However, the government responds correctly in opposition that Petitioner has not satisfied the standard for proving ineffective assistance of counsel. Petitioner has not even alleged that but for counsel's alleged errors, he would not have accepted the plea offer and would have insisted on going to trial.  Therefore, Petitioner has not

established prejudice and his ineffective assistance claim fails on this basis.

**b.   FOIA Waiver**

Petitioner also alleges that counsel was ineffective for failing to disclose that, by signing the plea agreement, his rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, would be waived.  (ECF No. 94, at 4-5).  Petitioner attempts to overcome the statutory time-bar by alleging that he recently discovered this information when he received a letter to that effect on September 25, 2017, from the Executive Office for United States Attorneys FOIA and Privacy Act Staff.  (ECF Nos. 94, at 5, and 94-3).  However, the plea agreement specifically states:

> Your client waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter (relating to both the charges filed in the indictment and the information in this matter) and agrees not to file any request for documents from this Office or any investigating agency.

(ECF No. 62, ¶ 10(d)).  Petitioner signed the plea agreement, next to where it attests that he read the agreement, carefully reviewed every part of it with his attorney, understood it, and voluntarily agreed to it.   At his Rule 11 hearing, Petitioner answered affirmatively that he had read and signed the plea agreement.  (ECF No. 68, at 12-13).  Therefore, Petitioner did not recently discover that he was waiving his FOIA rights, and his ineffective assistance

7

claim on this basis is untimely.  Even if timely, this claim fails on its merits as Petitioner was informed when he signed the plea agreement that he would be waiving his FOIA rights.

### c.  Discovery Agreement

Petitioner argues that counsel was ineffective because she did not adequately explain "the government's discovery agreement dated 20 June[,] 2012[,] and [Petitioner] did not fully understand said discovery agreement until receiving a copy . . . [of] counsel's response letter to the Florida State Bar on 14 July 2017." (ECF No. 94, at 5).  It appears that Petitioner is referring to a discovery agreement between his counsel and the government that provides that the government would provide discovery to defense counsel "on the condition that counsel will not give copies of this material to the client or to anyone outside counsel's office, absent approval" from the government.  (ECF No. 94-2, at 6-7).  Even assuming this claim is timely under § 2255(f)(4), Petitioner's claim fails because he has not alleged that had he been aware of the discovery agreement, he would not have pled guilty and would have insisted on going to trial.  Therefore, Petitioner has not established prejudice and his ineffective assistance claim fails on this basis.

### d.  FBI Documents

Petitioner also alleges that his counsel was ineffective by failing to discover every FBI record pertaining to him.  (ECF No.

8

94, at 5).   Petitioner alleges that he discovered the amount of FBI records on file on July 20, 2017, when he received a response to his improper FOIA request,[4] stating that the FBI has approximately 120,301 pages of records potentially responsive to his request.  (ECF Nos. 94, at 5 and 94-4, at 1).  Petitioner says that the government did not disclose these files to his attorney, which is "a clear *Brady* violation[.]"  (ECF No. 94, at 5).

The government states in its opposition that it contacted the FBI with respect to Petitioner's FOIA request and was informed that the large number of records the FBI has consists of information contained in 12 CDs/DVDs obtained from Petitioner. (ECF No. 98, at 7-8).[5]  Petitioner does not allege that any of this information is exculpatory, and, moreover, the records do not contain any information that Petitioner was not aware of. Therefore, Petitioner's ineffective assistance claim on this basis is without merit.[6]

---

[4] Pursuant to the plea agreement, Petitioner agreed that he would not file any request for documents pertaining to this case with any investigative agency. (ECF No. 62, ¶ 10(d)).

[5] The government explains that "[w]hen the FBI receives digital evidence and a FOIA request is made, it makes an estimate of the number of 'pages' a conversion from digital to paper form would create."

[6] Petitioner raises this argument again in his second claim alleging *Brady* and Jencks Act violations.  (ECF No. 94, at 6). Petitioner's *Brady* claim fails for the same reasons.  Additionally, Petitioner has not pleaded any facts with respect to a Jencks Act violation.   Under the Jencks Act, 18 U.S.C. § 3500, upon motion

### e.   Safety Valve Reduction

Finally, Petitioner alleges that his counsel was ineffective for failing to request a sentencing reduction under the "safety valve" provision of 18 U.S.C. § 3553(f).  (ECF No. 94, at 5). Petitioner's claim on this basis is time-barred and must be dismissed.  Moreover, even if timely, Petitioner's claim fails because § 3553(f) only applies to sentencing for certain drug offenses and does not apply to his sentence.  Petitioner was not sentenced under the Guidelines and received the sentence stipulated to in the C-Plea.  Petitioner has not established ineffective assistance of counsel and his motion to vacate sentence on this basis will be denied.

### D.   Supervised Release Conditions

Petitioner alleges that it was an abuse of the court's discretion to grant a request filed by the United States probation office to modify Petitioner's supervised release conditions.  He argues that his consent to the request to modify his conditions of supervised release was signed involuntarily and without counsel in violation of his Sixth Amendment rights.  (ECF No. 94, at 8).  The probation office subsequently requested the removal of the

---

from the defendant, the government must produce any statement of a government witness in its possession after the witness testifies on direct examination.  The Jencks Act does not apply to this case which did not go to trial and was resolved by a guilty plea.

modified conditions, which was granted on November 15, 2017.
(ECF No. 93).  This claim fails as moot.

### E.   Offense Level Reduction

Lastly, Petitioner claims that he agreed to a three-level
offense level reduction but only received a two-level reduction in
the C-Plea.  Petitioner alleges that he discovered the difference
in offense level reduction on July 14, 2017, when he received a
copy of the discovery agreement between his counsel and the
government.[7] (ECF No. 94, at 9).  Even if timely, Petitioner's
claim fails.  Paragraph 9 of the discovery agreement drafted by
the government states, "Please note that it is the policy of this
Office that the government will not stipulate to a three-level
reduction in offense level pursuant to §3E1.1 of the United States
Sentencing Guidelines unless the defendant has entered into a
signed written plea agreement with the government on or before the
date set for the filing of pretrial motions." (ECF No. 94-2,
at 7).  This section only stipulates the conditions by which the
government *would* not stipulate to a three-level reduction; nowhere

---

[7] Although the government asserts that this claim is time-barred, this may not be the case.  The "factual basis" underlying Petitioner's claim was not discovered until he received a copy of the discovery agreement in 2017, within the same year that he filed this motion.  It is unclear from the papers whether the discovery agreement was available through the exercise of due diligence to Petitioner before this time, and the date of availability, rather than actual discovery, is the relevant date for purposes of § 2255(f)(4)'s triggering date.

does the agreement state that the government *will* stipulate to a three-level reduction under § 3E1.1.  Petitioner did not satisfy the prerequisite because he did not plead prior to the filing of motions.  Additionally, the plea agreement states that the parties stipulate to a two-level reduction pursuant to § 3E1.1.  (ECF No. 62, ¶ 6(a)).  The closing paragraph states

> This letter *supersedes any prior understandings, promises, or conditions* between this Office and your client and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  Your client acknowledges that there are no other agreements, promises, undertakings[,] or understandings between him and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

(*Id.*, ¶ 14) (emphasis added).  Therefore, even if the discovery agreement, dated July 20, 2012, stated that the government would agree to a three-level adjustment under § 3E1.1, the plea agreement dated January 4, 2014, provides that its terms control over any contrary agreement and thus Petitioner's argument fails.

## III. Conclusion

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Craig Baxam will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final

order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

After review of the record, it is clear that Petitioner does not satisfy the above standard.  Accordingly, a certificate of appealability will not issue.  A separate order will follow.

          /s/
_____
DEBORAH K. CHASANOW
United States District Judge
